ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| HM GENERAL SOLUTIONS GROUP, LLC,<br><br>Recurrente,<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL MUNICIPIO DE AGUADA**; VELOCITY, LLC; CONSTRUCTORA V&M, INC.; OV GENERAL CONSTRUCTION, INC.; EMPRESAS PA´ LO HOOONDO!, INC.,<br><br>Recurrida. | KLRA202400096 | REVISIÓN procedente de la Junta de Subasta del Municipio de Aguada.<br><br>Sobre: impugnación de adjudicación de Subasta Informal Núm. 11, Serie 2023-2024. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece la parte recurrente HM General Solutions Group, LLC, y nos solicita que revisemos y revoquemos la *Resolución* emitida y notificada el 15 de febrero de 2024. En ella, se notificó a todos los licitadores que la buena *pro* de la Subasta Informal Núm. 11, Serie 2023-2024, había sido adjudicada por la Junta de Subastas del Municipio de Aguada a Velocity, LLC.

Por los fundamentos que expondremos a continuación **confirmamos** la *Resolución* recurrida.

I

El 5 de septiembre de 2023, el Municipio de Aguada generó una invitación para varias subastas informales de la serie 2023-2024. En lo pertinente, invitó a las siguientes entidades: **HM General Solutions Group, LLC; Velocity, LLC; Constructora V&M, Inc.; OV General Construction, Inc., y Empresas Pa´ Lo Hooondo!, Inc.**, a la Subasta Informal Núm. 11[1].

---

[1] *Véase*, apéndice de la parte recurrida, a las págs. 2-3.

Número identificador

SEN2024_____

Ello, con el fin de presentar propuestas para la construcción de un muro en hormigón en la Carr. 419, Km. 0.2 int., Bo. Cerro Gordo del término municipal de Aguada.

De conformidad con el proceso aplicable, el 10 de octubre de 2023, se celebró la adjudicación de la subasta[2]. La Junta de subastas, luego de realizar las evaluaciones pertinentes, determinó que HM General Solutions Group, LLC, había cumplido con la presentación de todos los documentos requeridos en el pliego de subastas, sin embargo, había utilizado el pliego equivocado. A su vez, acordó otorgar la buena *pro* al segundo mejor postor, en este caso, Velocity, LLC, dado que la referida empresa había satisfecho los requisitos expuestos en el pliego correcto de la subasta. En cuanto a su determinación, surge de la minuta que la Junta tomó en consideración los mejores intereses del Municipio y que el licitador agraciado había cumplido con todos los términos y condiciones del pliego[3].

El 15 de febrero de 2024, la Junta de Subastas notificó a las partes su determinación[4]. En ella, reiteró lo expuesto en la minuta.

Inconforme con la referida determinación, el 26 de febrero de 2024, la parte recurrente presentó su recurso de revisión judicial y formuló los siguientes señalamientos:

> Erró la Junta de Subastas del Municipio de Aguada al no adjudicarle la Subasta Número II, Serie 2023-2024 a la Parte Recurrente a pesar de haber cumplido con toda la información solicitada en el pliego de la Subasta, como lo reconoce la propia junta en su adjudicación.
>
> Erró la Junta de Subastas del Municipio de Aguada al no adjudicarle la Subasta Número II, Serie 2023-2024 a la Parte Recurrente cuando este fue el licitador cuya propuesta fue más baja.
>
> Erró la Junta de Subastas del Municipio de Aguada al no adjudicarle la Subasta Número II, Serie 2023-2024 a la Parte Recurrente solamente porque alejadamente no utilizó el pliego correcto, cuando ello no es correcto, ya que el pliego presentado por la parte Recurrente contenía toda la información y partidas solicitadas, solo variando levemente el orden de algunos de los encasillados

---

[2] Cabe resaltar que solo tres de las compañías invitadas sometieron propuestas. Apéndice del recurso, a las págs. 19-20.

[3] *Íd.*, a la pág. 20.

[4] *Íd.*, a las págs. 21-22.

Erró la Junta de Subastas del Municipio de Aguada al no adjudicarle la Subasta Número II, Serie 2023-2024 a la Parte Recurrente cuando a la luz de los propios criterios utilizados por la Junta de Subastas para la adjudicación de subastas, el beneficio a los mejores intereses del Municipio y que se cumpliera con todos los términos y condiciones del pliego sugieren que la subasta debió ser adjudicada a la Parte Recurrente.

(Énfasis omitido)[5].

Por su parte, el 8 de marzo de 2024, el Municipio de Aguada presentó su alegato en oposición. En síntesis, expresó que no se le adjudicó la subasta a la parte recurrida pues esta no cumplió a cabalidad con lo peticionado a través del pliego de subasta.

Perfeccionado el recurso, resolvemos[6].

II

A

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013).

Así pues, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Es por ello que la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

---

[5] Hacemos la salvedad de que a pesar de que los señalamientos de error hacen referencia a la subasta con el número dos (2) romano, a lo largo del recurso se apunta a la Subasta Núm. 11.

[6] El 15 de marzo de 2024, la parte recurrida presentó un escrito de réplica al alegato en oposición de la parte recurrente. **El mismo se tiene por no puesto**.

Cónsono con lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. V. Caribe Specialty et al. II*, 179 DPR 923, 941 (2010). Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

La subasta tradicional y el requerimiento de propuestas (*request for proposals* o RFP) son los dos vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios. *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019). A la luz de que la adjudicación de subastas gubernamentales conlleva el desembolso de fondos públicos, estos procedimientos están revestidos de

un gran interés público. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). Por ello, la consideración primordial al momento de determinar quién debe resultar favorecido, debe ir acorde con el interés público de proteger los fondos del erario. *Íd.* Conforme a esto, la norma imperante es procurar conseguir los precios más económicos y evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, así como minimizar el riesgo de incumplimiento. *Íd.*

Ahora bien, aunque de ordinario la adquisición competitiva de bienes y servicios por el Gobierno se realiza mediante el mecanismo de la subasta pública formal o tradicional, ello también se puede efectuar mediante el mecanismo de un *request for proposals* o RFP. *R & B Power v. E.L.A.*, 170 DPR 606, 620-621 (2007). Se recurre a este tipo de mecanismo cuando se trata de la adquisición de bienes o servicios especializados, que involucran asuntos altamente técnicos y complejos, o cuando existen escasos competidores cualificados. *Íd.*, a la pág. 622.

El ordenamiento también provee para la selección a base de cualificaciones (*request for qualifications*). Sin embargo, independientemente del método que el ente gubernamental escoja, nuestro Tribunal Supremo ha resuelto que "las agencias gubernamentales son las llamadas a adoptar las normas a seguir en sus propios procedimientos de adjudicación de subastas." *Caribbean Communications v. Pol. de P.R.,* 176 DPR, a las págs. 993-994, que cita a *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 757 (2004).

También, ha reiterado que **las agencias gozan de una amplia discreción en la evaluación de las propuestas sometidas ante su consideración**, pues estas poseen "**una vasta experiencia y especialización que la colocan en mejor posición que el foro judicial para seleccionar el postor que más convenga al interés público**." *Caribbean Communications v. Pol. de P.R.,* 176 DPR, a la pág. 1006 (énfasis nuestro).

De otra parte, a diferencia de las subastas habituales, el requerimiento de propuesta se destaca por ser un procedimiento informal y flexible, que permite al oferente negociar con el gobierno central o municipal, y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531-532 (2019). A su vez, la entidad pública que esté considerando las diversas ofertas de los licitadores tiene un mayor grado de discreción en comparación con las subastas formales.

Independientemente de que se trate de un procedimiento de subasta formal o de un requerimiento de propuestas, el Tribunal Supremo ha resuelto que, una vez se adjudique la buena *pro*, los tribunales no debemos sustituir el criterio de la agencia o junta concernida, a menos que se demuestre que la decisión se tomó de **forma arbitraria o caprichosa, o que medió fraude o mala fe**. *Caribbean Communications v. Pol. de P.R.*, 176 DPR, a la pág. 1006.

### C

Sabido es que nuestro ordenamiento jurídico carece de un estatuto especial que regule los procesos de subastas. *Puerto Rico Asphalt v. Junta*, 203 DPR, a la pág. 737. Por ello, corresponde a los entes gubernamentales ejercer su poder reglamentario para establecer el procedimiento y las guías que han de seguir en las subastas para la adquisición de bienes y servicios. *Íd.*

En cuanto a los entes municipales, si bien la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601, *et seq.*, reglamenta ciertos aspectos de las subastas, esta legislación excluyó a los municipios de la definición de agencia. *Puerto Rico Asphalt v. Junta*, 203 DPR, a las págs. 737-738. Por ende, las subastas que los municipios celebren quedan reguladas por la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001, *et seq.*

En su parte pertinente, el *Código Municipal de Puerto Rico* establece que la Junta de Subastas de cada municipio adjudicará la subasta a favor del postor razonable más bajo cuando se trate de compras, construcción o suministro de servicios. No obstante, la Junta "podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público". Art. 2.04(a), 21 LPRA sec. 7216[7]. Al adjudicar la buena *pro*, la Junta tomará en consideración los siguientes factores:

> […] que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

21 LPRA sec. 7216.

III

Por estar estrechamente relacionados, discutiremos en conjunto los señalamientos esbozados por la parte recurrente. Tal como detallamos, la parte recurrente sugiere que la Junta de Subastas del Municipio de Aguada erró y abusó de su discreción al no adjudicar la Subasta Núm. 11 a su favor. Adelantamos que no le asiste la razón. Veamos.

En ánimo de prevalecer en su argumento, la parte recurrente adujo que había cumplido con todos los requisitos del pliego a pesar de haber utilizado uno distinto. En cuanto a ello, expresó que su propuesta contenía toda la información y las partidas solicitadas, y que solo variaba levemente el orden en que fueron presentadas. A su vez, planteó que su propuesta era la más baja[8]. Por tanto, arguyó que, según la misma fuera presentada, no solo cumplía con todos los criterios utilizados por la Junta de Subastas de Aguada, sino que era la de mayor beneficio en cuanto a los intereses del Municipio.

---

[7] Subrayamos que también el Tribunal Supremo de Puerto Rico ha reconocido que **no existe una regla inflexible que exija adjudicar una subasta al postor más bajo**. *Caribbean Communications v. Pol. de P.R.*, 176 DPR, a la pág. 1007; *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 897 (2007).

[8] La propuesta de la recurrente HM General Solutions Group, LLC, tenía un costo total de $135,536.00, mientras que la de Velocity, LLC, tenía un costo de $137,125.00. *Véase*, apéndice de la oposición al recurso, a las págs. 16-17.

Por su parte, el Municipio de Aguada planteó que contrario a lo planteado por la recurrente la propuesta presentada no había cumplido con todos los requisitos del pliego. En específico, planteó **que una simple mirada al pliego de subasta revelaba que se solicitaba la instalación de una "tubería perforada 41 Lf de 4" a lo largo del muro, cubierta con piedra 3/4", sin embargo, la parte recurrente cotizó para una tubería perforada de 48 Lf**[9]. Ello, mientras que tanto Velocity, LLC, como OV General Construction, Inc., habían utilizado los pliegos correctos y habían cotizado para el tubo especificado.

Ahora bien, según discutimos, una vez adjudicada la buena *pro*, los tribunales no debemos sustituir el criterio de la junta concernida, a menos que se demuestre que la decisión se tomó de forma arbitraria o caprichosa, o que medió fraude o mala fe. Por lo que, evaluada la totalidad del expediente ante nuestra consideración, a la luz de los hechos y el derecho aplicable, no podemos sino concluir que la subasta estuvo bien adjudicada. Nada surge de los documentos o de los escritos presentados que persuada a este Tribunal de que, en la determinación final de la Junta de Subastas del Municipio de Aguada medió fraude o mala fe. Por el contrario, surge que la Junta tomó en consideración los mejores intereses del Municipio y que el licitador agraciado cumplió con todos los términos y condiciones del pliego de la subasta informal.

El estudio del expediente revela que la determinación de la Junta de Subastas del Municipio de Aguada no se basó en el mero orden del pliego sometido, sino en que, contrario a las demás licitadoras, la parte recurrente no cumplió fiel y cabalmente con los requisitos del pliego para la Subasta Núm 11. Reafirmamos que una junta de subastas podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, coincidimos con que ese postor fue Velocity, LLC.

---

[9] *Véase*, apéndice de la oposición al recurso, a las págs. 15-16. Aclaramos, que "Lf" se refiere a la unidad de medida denominada *lineal feet*.

IV

Por los fundamentos expuestos, se confirma la *Resolución* emitida y notificada por la Junta de Subastas del Municipio de Aguada el 15 de febrero de 2024.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones